# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

SCANNED at MENARD and E-mailed
6-10-21 by PS   21 pages
Date    initials    No.

Matthew J. Smith, B86629 )
_____ )
_____ ) Case Number: 21-567-NJR
_____ ) (Clerk's Office will provide)
_____ )
Plaintiff(s)/Petitioner(s) )
v. ) ☒ CIVIL RIGHTS COMPLAINT
) pursuant to 42 U.S.C. §1983 (State Prisoner)
Menard Correctional Center ) ☐ CIVIL RIGHTS COMPLAINT
John/Jane Doe #1 ) pursuant to 28 U.S.C. §1331 (Federal Prisoner)
John/Jane Doe #2 ) ☐ CIVIL COMPLAINT
_____ ) pursuant to the Federal Tort Claims Act, 28 U.S.C.
Defendant(s)/Respondent(s) ) §§1346, 2671-2680, or other law

## I.   JURISDICTION

**Plaintiff:**

A.   Plaintiff's mailing address, register number, and present place of confinement.

Menard Correctional Center, P.O. Box 1000, Menard, IL 62259

**Defendant #1:**

B.   Defendant **John/Jane Doe #1** is employed as
      (a)    (Name of First Defendant)

**Menard Correctional Center Employee**
      (b)    (Position/Title)

with **Illinois Department of Corrections/Menard**
      (c)    (Employer's Name and Address)

**1301 Concordia Ct., Springfield, IL 62794-9277**
**Menard C.C., P.O. Box 1000, Menard, IL 62259**

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes   ☐ No

If your answer is YES, briefly explain: Defendant was employed at Menard and was responsible for the placement/supervision of P.C. inmates.

Rev. 10/3/19

**Defendant #2:**

C.  Defendant __John/Jane Doe #2__ is employed as
(Name of Second Defendant)

__Medical Director__
(Position/Title)

with __Menard Correctional Center__
(Employer's Name and Address)

__P.O. Box 1000, Menard, IL 62259__

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If you answer is YES, briefly explain:

__Was Medical Director of Menard.__

**Additional Defendant(s) (if any):** __N/A__

D.  Using the outline set forth above, identify any additional Defendant(s).

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☒Yes ☐No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)). FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1. Parties to previous lawsuits:
   Plaintiff(s): Matthew J. Smith, B56629

   Defendant(s): Chaplain Kendell

2. Court (if federal court, name of the district; if state court, name of the county): Central District of Illinois

3. Docket number: N/A (Don't know)

4. Name of Judge to whom case was assigned: Shadid ?

5. Type of case (for example: Was it a habeas corpus or civil rights action?): Civil rights

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Settlement.

Rev. 10/3/19

7. Approximate date of filing lawsuit: 2015/2016

8. Approximate date of disposition: 2016/2017

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" NO

Note: A couple other cases dismissed w/o Prejudices and 1 case that went to trial. Do not have documents on them so can't Provide accurate info. All filed in Central District Court.

III. **GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance procedure in the institution? ☒ Yes ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes ☐ No

C. If your answer is YES,
   1. What steps did you take?
   Filed Grievance with Counselor, Grievance Officer, and Administrative Review Board.

   2. What was the result?
   Denied.

D. If your answer is NO, explain why not. N/A

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No
N/A

F. If your answer is YES,
   1. What steps did you take? N/A

Rev. 10/3/19

2. What was the result? N/A

G. If your answer is NO, explain why not. N/A

H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

Do not currently have documents but can get them during Discovery stage.

Rev. 10/3/19

IV. **STATEMENT OF CLAIM**

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1.) On August 1, 2019 I was "kicked out" of my old gang and signed into Protective custody (P.C.). I.A. conducted an investigation and verified that my old gang had "green lighted" me and that my safety was at risk. As a result I was approved for P.C. status. On 8/22/19 I was placed in segregation (seg) for hooch and tattoos. Menard has a policy - written or unwritten- stipulating that inmates placed in seg lose their P.C. status while in seg. While in seg I was verbally threatened by 2 members of my old gang. I immediately filed a grievance notifying prison staff of the threats. I was released from seg on 9/22/19.

In October of 2019 I.A. discovered that while I was an active gang member - i.e. before I went to P.C. - I had manufactured and hidden 3 shanks. I was placed in seg on 8/9/19 for 1 year. Because I was placed in seg my P.C. status was revoked - even though the incident report regarded actions that transpired before I went to P.C., which means I did not commit the offense while in P.C. and, thus, my P.C. status should not have been effected in any way. As a result of the arbitrary and unwarranted revocation of my P.C. status I was placed in a general population bullpen on 11/18/19 while waiting to see Mental Health. And I was attacked by a member of my old gang, which resulted in my suffering a broken nose, a gash on my nose, as well as recieving an additional month in seg.

The facility knew about the threat posed against me by my old gang because A.) I.A. had investigated and verified the threat; and B.) the grievance I filed on 9-1-19. Yet they revoked my P.C. status - even though the shanks were made before I went to P.C. and were hidden in general population (not P.C.) - and placed me in a bullpen with general population inmates. Which resulted in me being attacked and injured.

Rev. 10/3/19 The attack and injury should never have occurred because I should never have been placed in said bullpen. The facility was well aware of the threat and yet they failed to protect me. Because of their failure I suffered a physical injury as well as suffered →

# Claim (cont.)

mentally and emotionally. Any time I left my cell for medical or mental health treatment I was at risk of being attacked, and I could not go to yard - for over a year - for fear of the same. All of this fear resulted in all kinds of anxiety and depression as well as paranoia.

I am not sure who is responsible for this official or unofficial policy regarding the revocation of P.C. status while in Seg. Therefore I do not know the identity or gender of Defendant John/Jane Doe #1. But whomever they are they are directly responsible for the attack and injuries I suffered and thus failed to protect me.

2.) Minutes after I was attacked on 11/18/19 I was seen by a nurse who noted in my medical records that my nose was "noticeably swollen and crooked." She recommended me for X-rays but the facility failed to provide them in a timely manner. In fact, the facility did not actually X-ray my nose until I had signed up for sick call and filed a grievance complaining about the pain and lack of treatment. Several weeks after the incident occurred I was finally X-rayed, but, by then, my nose was partially or completely healed. Because the X-rays were not conducted right away my nose was never properly set and is permanently crooked.

Furthermore, on 12-16-19 I received a notice from →

# Claim (cont.)

Nurse Practitioner Zimmer telling me that my X-rays came back as "normal or stable." I knew this to be a lie for two obvious reasons: A.) Because, as the nurse noted right after the incident, my nose was noticably <u>crooked</u> and <u>swollen</u>; and B.) I was in physical pain for <u>weeks</u> after the incident occurred. Suspicious, I requested a copy of the actual Radiology Lab report. Said report noted a fracture of the <u>distal nasal bone</u>.

    Thus, not only did the facility fail to X-ray me in a timely manner or re-set my nose, they also <u>lied</u> about the results of the X-rays. This is a clear case of both the Medical Neglect and Medical Malpractice.

    Although I received a report from Zimmer I am not sure if they are actually responsible for the lack of medical treatment and attempted cover-up. Therefore, I have listed my Second Defendant as John/Jane Doe #2.

Exhibit

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

Date Received: 09/16/2019    Date of Review: 03/05/2020    Grievance # (optional): 3-9-19

Offender: Smith, Matthew    ID#: B86629

**Nature of Grievance:**
Other: P.C. Status

**Facts Reviewed:**
Offender submitted a grievance dated 9/1/19 and grieves not being returned to P.C. after segregation status.

Relief requested: That upon my release from seg I be returned to P.C.

Counselor responded on 9/9/19 - On segregation kick-out day signing yourself back into P.C is an option for your placement issues. Automatic placement back into PC is not the procedure as your segregation placement and loss of PC status was a result of your disciplinary infraction(s).

Grievance Office reviewed Protective Custody policy.

**Recommendation:**
It is the recommendation of this Grievance Officer that the inmate's grievance be moot.

H. Price, CCII
Print Grievance Officer's Name    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 3-16-20    ☒ I concur    ☐ I do not concur    ☐ Remand

Action Taken:

Chief Administrative Officer's Signature    3/12/20 Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature    ID#    Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

Housing Unit: N2  Bed #: 618

RECEIVED SEP 05 2019

SEP 03 2019

Exhibit

EMERGENCY → I Get out of Seg Friday, September 20th, 2019

Date: 9-1-19
Offender: (Please Print) Smith, Matthew
ID#: B86629

Present Facility: M.C.C.
Facility where grievance issue occurred: M.C.C.  3-9-19

**NATURE OF GRIEVANCE:**
- ☐ Personal Property
- ☐ Mail Handling
- ☐ Restoration of Good Time
- ☐ ADA Disability Accommodation
- ☐ Staff Conduct
- ☐ Dietary
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ Transfer Denial by Facility
- ☒ Other (specify): P.C. Status
- ☐ Disciplinary Report: __/__/__ Date of Report      Facility where issued

RECEIVED SEP 05 2019 MENARD CC CLINICAL SERVICES

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 8/22/19 I was placed in Seg for hooch & tattoos. Upon writing Counselor Hood I discovered that my placement in P.C. would be revoked since I caught an IDR. In a couple of weeks I will be released from Seg & I CANNOT return to General Population. I was expelled from my gang (KMS) & that organization has a "Green Light" out on me. Since I've been expelled from KMS I checked into P.C. I.A. conducted an investigation & established that KMS does have a "Green Light" out on me & that I cannot return to General Population. Since I have been in Seg. I have been contacted (verbally) through the vent by KMS member "Shock" (N2-413). He

**Relief Requested:** That upon my release from Seg I be returned to P.C.

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
☐ Check if this is NOT an emergency grievance.

Offender's Signature: M. Smith    ID#: B86629    Date: 9,1,19

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

RECEIVED SEP 16 2019 MENARD CC GRIEVANCE OFFICE

Date Received: 9,9,19
☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: On segregation kick-out day signing yourself back into PC is an option for your placement issues. Automatic placement back into PC –

Print Counselor's Name: HOOD CCII
Counselor's Signature: Hood CCII
Date of Response: 9.9.19

---

**EMERGENCY REVIEW**

Date Received: __/__/__
Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature: [signature]    Date: 9,4,19

Distribution: Master File; Offender    Page 1    DOC 0046 (1/2018)

JI Wants Returned to PC, once out of seg (in couple of weeks)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

Housing Unit: _____ Bed #: _____

informed me that he had received a kyte from ECH stating that I was "bogus". Shock then told me that if either he or "Blue Blood" (Patrick Chase - somewhere on 4 gallery in N2) caught me while I'm in seg it "wouldn't be pretty."

When I am released from seg in a couple of weeks I need to return to P.C. If I don't then I will be brutally assaulted and/or stabbed by members of KMS. E.O.R. →

is not the procedure as your segregation placement and loss of PC status was a result of your disciplinary infraction(s.)

ILLINOIS DEPARTMENT OF CORRECTIONS
## Laboratory and Radiology Summary

Exhibit

**Menard Correctional Center**
Facility

Date: 12/16/19

Offender/Patient Name: Smith, Matthew

Offender ID Number: B86609

Housing Unit: N2 1-31

The following checked results were found to be normal or stable by  Zimmer NP , ~~MD~~.

Laboratory completed: _____

Radiology completed: 12/12

Distribution: Offender Medical Record
Offender

*Printed on Recycled Paper*

DOC 0510 (Eff 9/2016)

OneRadiology  
Normal, IL 61761  
December 4, 2019

Exhibit

SMITH, MATTHEW  
ID#: B86629  
DOB: 9-24-91  
Ordered by: Dr. Siddiqui  
Menard Correctional Center

NASAL BONES 12-2-2019:

HISTORY: Rule out fracture.

Three views were obtained. There is a possible subtle non-displaced distal nasal bone fracture. No other fracture or bony abnormality. No sinus air fluid level is noted.

IMPRESSION: Possible subtle non-displaced distal nasal bone fracture.

Signed _____  
J. Foss, M.D.

DIC: 12-4-2019

Films from Menard Correctional Center

received  
12|13

M.D. REVIEW  
DATE 12/13/19  
DOCTOR  
PULL CHART  
SEE PATIENT _____ CC/PE/HIV  
FILE

J.B. Pritzker  
Governor



Exhibit

Rob Jeffreys  
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

**Offender:** Smith, Mathew  
**ID#:** B86629  
**Facility:** Menard  
**Date:** 11/19/20

This is in response to your grievance received on 4/7/20. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding:** Grievance dated: 11/25/19  **Grievance Number:** 251-11-19  **Griev Loc:** Menard

☐ Transfer denied by the Facility  
☒ ~~Dietary~~ Medical — Was not taken to outside facilty for x-ray, nose was visible broken after being assaulted on 11/18/19.  
☐ Personal Property  
☐ Mailroom/Publications  
☐ Assignment (job, cell)  
☐ Commissary / Trust Fund  
☐ Conditions (cell conditions, cleaning supplies, etc.)  
☐ Disciplinary Report: Dated: _____ Incident # _____  
■ Other  Security: Wants all members of STG group KMS classified as KSF's, wants PC designation kept while in SEG, Wants comp

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.  
☐ Denied, in accordance with DR504F, this is an administrative decision.  
■ Denied, this office finds the issue was appropriately addressed by the facility Administration.  
☐ Denied as the facility is following the procedures outlined in DR525.  
☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.  
☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.  
☐ Other: Monetary compensation is not part of ARB's scope of review.

FOR THE BOARD: _Dave White_  
Administrative Review Board

CONCURRED: _Rob Jeffreys_  
Acting Director

CC: Warden, Menard Correctional Center  
Smith, Mathew , ID# B86629

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

V. **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

Nominal Damages: $25,000.00 Dollars.

Compensatory Damages: $25,000.00 Dollars.

Punitive Damages: $25,000.00 Dollars.

Injunctive Relief: That EVERY member of KMS be added to my KSF list.

Injunctive Relief: That P.C. status still apply while in seg.

VI. **JURY DEMAND** (check one box below)

The plaintiff ☐ does ☒ does not request a trial by jury.

**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: June 8, 2021 (date)

Signature of Plaintiff: *[signature]*

Street Address: P.O. Box 1000

Printed Name: Matthew J. Smith

City, State, Zip: Menard, IL 62259

Prisoner Register Number: B86629

Signature of Attorney (if any): N/A

Rev. 10/3/19



UNITED STATES DISTRICT COURT  6-10-21
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

__Smith__                                    __B86629__
Name                                          ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?     (Yes) or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?    Yes or (No)

   If yes, please list case number: ___N/A___

   If yes, but you do not know the case number mark here:

3. Should this document be filed in a pending case?    Yes or (No)

   If yes, please list case number: ___N/A___

   If yes, but you do not know the case number mark here:

4. Please list the total number of pages being transmitted:    __21__

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| — Complaint | 8 |
| — Exhibits | 7 |
| — Motion To Proceed Without Costs | 3 |
| — Note and Class Action Motion | 3 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.