Matthew Smith,           )
    Plaintiff,           )
vs.                      ) Case No. 3:21-CV-00567-NJR
Menard Correctional Center, et al )
    Defendant            )

SCANNED at MENARD and E-mailed
6-1-22 by SS   5 pages
Date   initials   No.

## Amended Complaint

On August 1, 2019 I was kicked out of my old gang -KMS- and signed into Protective Custody (P.C.). I.A. conducted an investigation after several interviews and verified that my old gang had put out a "Green Light" on me, and that my safety would be at risk if I remained in the General Population. As a result of these findings I was approved for P.C. status.

On August 22, 2019 I was placed in Segregation (Seg.) for a fresh tattoo and possession of hooch. While in seg I was informed that my P.C. status had been revoked due to my placement in seg. I was also threatened, verbally, by two members of my old gang.

On September 1, 2019 I filed a Grievance about my loss of P.C. status while in Seg., and I informed prison staff of the threats made against me by members of my old gang. About

a week later, on September 9, 2019, Counselor Hood responded to my Grievance in the following manner:

"On segregation Kick-out day signing yourself back into P.C. is an option for your placement issues. Automatic placement back into P.C. is not the procedure as your segregation placement and loss of P.C. status was a result of your disciplinary infraction(s)."

Counselor Hood's response to my Grievance proves that in 2019 a policy did exist which revocated an inmate's P.C. status upon his placement in Seg. However, her response does not illustrate how a P.C. inmate would be safe in Seg. — a place where the most violent and disruptive inmates are housed; if he isn't safe in the General Population.

On September 22, 2019 I was released from Seg. and returned to P.C.

In October of 2019 I.A. discovered that while I was still an active gang member in General Population I had manufactured and hidden three shanks. To be clear, these shanks were made and hidden months before my placement in P.C. On October 9, 2019 I was placed in Seg. for a year

for manufacturing and hiding said weapons. As a result of my placement in Seg. my P.C. status was revoked.

As a result of the arbitrary and unwarranted revocation of my P.C. status I was placed in a bullpen with General Population inmates on November 18, 2019 while waiting to see Mental Health. While in said bullpen I was attacked by a member of my old gang and suffered a broken nose and a gash on my nose. In addition to these injuries I was also given an additional month of Seg. time.

The facility knew about the threat posed to my safety by my old gang because A.) I.A. had investigated and verified the threat; and B.) the grievance I filed on September 1, 2019. Yet my P.C. status was revoked; even though such a revocation would put me at risk.

The attack and injury should never have occurred because my P.C. status should never have been revoked, and I should have never been placed in said bullpen. The facility was well aware of the threat yet failed to protect me. Because of their failure I suffered a fractured distal nasal bone, a gash to my nose, as well as mental and emotional trauma. Any time I left my cell for medical or mental health treatment I was at risk of being

attacked, and I could not go to yard - for over a year - because of the certainty of an attack. All of this created an intense feeling of fear which resulted in anxiety, depression and paronoia. The loss of my P.C. status also kept me isolated inside of a small cell for over a year because I would have been attacked had I gone to yard with the General Population inmates.

When I first filed this Complaint on June 10, 2021 I did not know who was responsible for the policy revoking my P.C. status while in seg. Therefore, in my original Complaint, I identified this person as Defendant John Doe #1.

On January 18, 2022 this Court added Warden Anthony Wills (official capacity only) as a Defendant in this case for the sole purpose of identifying John Doe #1. And on April 25, 2022 Defendant Anthony Wills identified John Doe #1 as Krista Allsup.

Krista Allsup was the P.C. Supervisor during the period relevant to this case, and thus she was responsible for the policy revoking my P.C. status. Therefore, she is directly responsible for failing to protect me from being attacked by a member of my old gang.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Smith, Matthew

ID Number: B86629

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?    Yes or **No**

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?   **Yes** or No

   If yes, please list case number: 3:21-CV-00567-NJR

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?   **Yes** or No

   If yes, please list case number: 3:21-CV-00567-NJR

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: 5

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
| --- | --- |
| Amended Complaint | 5 |
|  |  |
|  |  |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.

Therefore, I respectfully ask that this Court ADD Krista Allsup as a Defendant in this case.

Relief Requested: $25,000 in Nominal Damages
$25,000 in Compensatory Damages
$25,000 in Punitive Damages

Injunctive Relief: That every member of KMS be added to my KSF List.

Injunctive Relief: That P.C. Status still apply while in Seg.

Bench Trial Requested.

Respectfully Submitted,

M. Smith

Matthew Smith B86629
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259