**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MATTHEW J. SMITH, #B86629, )<br>    )<br>         Plaintiff, )<br>    )<br>vs. )<br>    )<br>KRISTA ALLSUP, )<br>    )<br>         Defendant. ) | No. 21-cv-567-MAB |

**DEFENDANT'S ANSWER AND
<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

NOW COMES Defendant, KRISTA ALLSUP, by and through her attorney, Kwame Raoul, Attorney General of the State of Illinois, and hereby provides the following answer and affirmative defenses to Plaintiff's complaint, (Doc. 1), in accordance with the Southern District Administrative Order No. 244 and this Court's Merit Review Order. (Doc. 13).

**<u>THE COMPLAINT</u>**

Smith makes the following allegations in the Complaint (Doc. 1): On August 1, 2019, Smith signed into protective custody after being kicked out of his gang. While in protective custody, he was sent to segregation on two occasions for disciplinary violations (*Id.* at p. 6). The first time because of hooch and tattoos (*Id.*). The second time because he made and hid three shanks prior to his entry into protective custody (*Id.*). Because he was sent to segregation, his protective custody status was revoked (*Id.*). Smith maintains his protective custody should not have been revoked for an incident that occurred prior to his protective custody placement. During his second time in segregation, on November 18, 2019, he was attacked by a member of his old gang resulting in a broken nose and gashes on his nose (*Id.*). Smith alleges the assault would not have happened if he had not been placed in a general population bullpen. Smith maintains that someone at Menard, the person who created the policy regarding the revocation of protective custody status, was

responsible for failing to protect him from his former gang (*Id.* at p. 7). He identifies John Doe #1 as the protective custody supervisor (*Id.* at p. 1).[1]

**ANSWER: Defendant admits, according to records, that Plaintiff submitted a request for protective custody placement on August 1, 2019, and that the request was approved. Defendant admits, according to records, that Plaintiff was sent to segregation for disciplinary infractions subsequent his request for protective custody placement being approved. Defendant denies that Plaintiff's protective custody status was "revoked." Defendant admits, according to records, that Plaintiff was involved in a physical altercation with another inmate on November 18, 2019. Defendant denies failing to protect Plaintiff, and denies creating policy regarding the revocation of protective custody status. Defendant lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph.**

After the attack, he was seen by a nurse who recommended x-rays of his nose. Those x-rays were delayed for several weeks. When Smith finally obtained an x-ray of his nose, the nose was healed (*Id.* at p. 7). Due to the delay in receiving an x-ray, Smith maintains that his nose was not properly set and is now crooked. He was also told by nurse practitioner Zimmer that his x-rays showed a stable nose, but Smith believes this finding was a lie because his nose was swollen after the attack (*Id.* at p. 9). He does not know who was responsible for his delay in medical treatment but identifies John Doe #2 as the medical director at Menard.

**ANSWER: Defendant admits, according to records, that Plaintiff received medical treatment after the incident on November 18, 2019. Defendant admits, according to records, that Plaintiff received an x-ray of his nose on December 2, 2019, and that the x-ray came**

---

[1] On June 1, 2022, Defendant, Krista Allsup, was substituted for John Doe #1. (Doc. 27).

**back normal. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.**

Based on the allegations in the Complaint, the court designated the following counts:

Count 1: Eighth Amendment failure to protect claim against John Doe #1 (supervisor of protective custody), in his individual and official capacity, for implementing a policy requiring Smith to be removed from protective custody status while in segregation.

**ANSWER: Defendant denies implementing a policy requiring Plaintiff to be removed from protective custody status while in segregation, and denies violating Plaintiff's constitutional rights.**

Count 2: Eighth Amendment deliberate indifference claim against John Doe #2 (medical director) for delaying Smith's x-ray and lying about the x-ray results.

**ANSWER: Per the Court's Merit Review Order, Count 2 was dismissed. (Doc. 13).**

## II.     RELIEF REQUESTED

**Defendant denies that Plaintiff is entitled to any relief.**

## III.    DEMAND FOR JURY

**Defendant demands trial by jury.**

## IV.    AFFIRMATIVE DEFENSES

**1. Qualified Immunity**

At all times relevant to Plaintiff's claims, Defendant charged herein acted in the good faith performance of his official duties without violating Plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Defendant is, therefore, protected from liability by the doctrine of qualified immunity.

**2. Sovereign Immunity**

Plaintiff's requests for injunctive relief, or other equitable relief, are barred by the Eleventh Amendment, sovereign immunity, and the Prison Litigation Reform Act (42 U.S.C. §1997e(a)).

Plaintiff's claims against Defendant in her official capacity are barred by the doctrine of sovereign immunity.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests this Honorable Court enter judgment in her favor and against Plaintiff, and deny any and all relief requested by Plaintiff in this matter.

    Respectfully submitted,

    KRISTA ALLSUP,

        Defendant,

    KWAME RAOUL, Attorney General,
    State of Illinois,

        Attorney for Defendant,

    By: s/*Victoria Fuller*
        Victoria Fuller, #6329700
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois 62701
        Telephone: (217) 782-2077
        Facsimile: (217) 524-5091
        E-Mail: victoria.fuller@ilag.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW J. SMITH, #B86629, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 21-cv-567-MAB |
| ) | |
| KRISTA ALLSUP, ) | |
| ) | |
| Defendant. ) | |

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2022, the foregoing document, ***Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint****,* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    None

and I hereby certify that on the same date, I caused a copy of same to be mailed by United States Postal Service, in an envelope fully prepaid and properly addressed, to the following participant:

  Matthew J. Smith, #B86629
  MENARD CORRECTIONAL CENTER
  Individual in Custody Mail/Parcel
  PO Box 1000
  Menard, IL 62259

                Respectfully submitted,

             By *s/ Victoria Fuller*
                Victoria Fuller, #6329700
                Assistant Attorney General
                500 South Second Street
                Springfield, Illinois 62701
                Telephone: (217) 782-2077
                Facsimile: (217) 524-5091
                E-Mail: Victoria.fuller@ilag.gov